# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S IOANE, <br><br> Petitioner, <br><br> v. <br><br> GEORGINA PUENTES, <br><br> Respondent. | Case No.: 1:19-cv-00879-JLT (HC) <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> [21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner currently incarcerated at the Taft Correctional Institution. In his petition for a writ of habeas corpus, the Court finds that Petitioner fails to establish grounds for habeas corpus relief, and that the proper avenue for his complaints is a <u>Bivens</u> action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Accordingly, the Court will recommend that the petition be **DISMISSED** without prejudice to filing a <u>Bivens</u> action.

## BACKGROUND

In this action, Petitioner challenges the outcome of a prison disciplinary proceeding regarding an incident that occurred on November 29, 2018, after Petitioner arrived late for a dental appointment. (Doc. 1 at 6-7.) After the appointment that same day, there was an interaction between Petitioner, Ms. Hall (dental hygienist), Ms. Hicks (registered nurse), Sergeant J. John and correctional officers, where there appeared to be a misunderstanding about things that were said between these individuals. (<u>Id.</u> at

6.) Petitioner described the interaction as an "admonishment," and "verbally voiced [his] grievance about how [he] was spoken to and treated." (Id.)

On November 30, 2018, Petitioner received an incident report for violating BOP prohibited act codes 312 (insolence towards a staff member) and 310 (unexcused absence). (Id. at 14.) On December 6, 2018, Petitioner was found guilty at his first unit disciplinary hearing. (Id. at 7.) However, this hearing was vacated, and Petitioner was notified another hearing would be conducted. (Id.) On December 13, 2018, Ms. Hicks prepared a new incident report, which was for the code 312 violation. (Id. at 8.) On the same day, Ms. Hall prepared an additional incident report, which was for the code 310 violation. (Id.) Copies of these incident reports (prepared on December 13, 2018) were served on Petitioner at the third and forth unit disciplinary hearings. (Id.)

Petitioner attempted to resolve the matter through informal resolution. (Id. at 3.) Petitioner indicates that he has had four disciplinary hearings resulting from this incident. (Id. at 3-4.) Petitioner now challenges the outcome of the prison disciplinary proceeding. Specifically, Petitioner argues that the charges described in the incident reports were the result of an arbitrary, capricious and retaliatory disciplinary process and argues that staff members failed to substantially comply with regulations on inmate discipline. (Id. at 2-3.) Petitioner claims that he has "suffered grievous losses as a result of the punishments and continue[s] to suffer," and most recently, he was "denied a Social Furlough, specifically because of this Incident Report." (Id. at 11, 23.)

## DISCUSSION

**A.      Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

///

2

**B.     Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Petitioner indicates that he has filed administrative appeals at all levels. The petition indicates that his appeals were denied at the informal, institutional and regional levels. (Doc. 1 at 3.) However, the petition indicates that Petitioner has not received a response to his fourth appeal to the national inmate appeals administration. (Id. at 4.) Thus, for purposes of this order, the Court assumes without deciding that the claims have been exhausted.

**C.     Jurisdiction**

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution based upon the outcome of a prison disciplinary proceeding. If a constitutional violation has resulted in the loss of credits, it affects the duration of a sentence and may be remedied

by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876–78 (9th Cir. 1990). However, Petitioner has not suffered a loss of credits. Although Petitioner claims he was denied a social furlough as a result of this incident, this does not impact the length or duration of his sentence. Accordingly, Petitioner is not entitled to habeas corpus relief. See, e.g., Garcia-Cortez v. Sanders, 2013 U.S. Dist. LEXIS 78504, *33-36 (C.D. Cal. May 31, 2013). Therefore, the Court does not have jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement"); see, e.g., Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007) (habeas relief under § 2241 does not extend to petitioner's request for access to law library because it concerns conditions of his confinement); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by* Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001) ("[P]risoners . . . who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens."). Accordingly, Petitioner is not entitled to habeas corpus relief under § 2241 and this action should be dismissed without prejudice to his filing a Bivens civil rights action.

In Nettles v. Grounds, the Ninth Circuit held that a district court has the discretion to construe a habeas petition by a state prisoner as a civil rights action under § 1983. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). Recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. However, the Ninth Circuit ruling in Nettles concerned state prisoners and was not extended to federal prisoners. But even assuming Nettles can be extended to federal prisoners, the Court does not find recharacterization to be appropriate because the instant petition is

4

not amenable to conversion on its face. Accordingly, the Court should not exercise its discretion to recharacterize the action. The Court will recommend that the Clerk of Court provide blank forms for filing a Bivens action.

**ORDER**

The Court **ORDERS** that the Clerk of Court randomly assign a district judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice to Petitioner commencing a Bivens action, and the Clerk of Court be DIRECTED to provide Petitioner with blank forms for filing a Bivens action.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendations, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 18, 2019**   **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE